# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY EUGENE HOLMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. HO, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01161-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO STATE A FEDERAL CLAIM AND LACK OF JURISDICTION OVER STATE LAW CLAIM**<br><br>(ECF NO. 1)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

　　　　Stanley Eugene Holmes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 27, 2018. (ECF No. 1). Plaintiff's complaint alleges that he suffered side effects from a drug prescribed by a prison doctor. Plaintiff alleges a claim for "gross medical negligence."

　　　　Plaintiff's claim for medical negligence is a state law claim. Plaintiff does not allege facts that would give rise to a federal claim under the Eighth Amendment. Because Plaintiff does not state a federal claim, this complaint should be dismissed, without prejudice to him filing a state lawsuit for medical malpractice.

　　　　Plaintiff now has twenty-one days to file objections to these findings and

1

recommendations, which will be reviewed by the district judge assigned to this matter.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915, which provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

\\\

\\\

| | |
|---|---|
|1| **II.   SUMMARY OF PLAINTIFF'S COMPLAINT**|
|2| Plaintiff is incarcerated at Pleasant Valley State Prison ("PVSP").  While there, he was|
|3|prescribed the medication Atenolol by Doctor Ho.  Plaintiff states that the medication was|
|4|prescribed for high blood pressure treatment.  Plaintiff suffered from side effects from this|
|5|medication, which resulted in impaired penile functioning.  He cannot now have and maintain|
|6|an erection.  This has caused him mental and emotional stress.  Plaintiff's claim is for "gross|
|7|medical negligence."|
|8| In support, Plaintiff claims that a psychologist at PVSP has told him that the physical|
|9|injury has caused emotional and mental damage to Plaintiff.  He also describes it as a traumatic|
|10|event.|
|11| Plaintiff names as defendants Doctor Ho, a doctor at PVSP, O. Onyeje, executive of|
|12|health care services at PVSP, and Charles E. Young, chief executive officer at Health Care|
|13|Services, PVSP.|
|14|**III.   DISCUSSION**|
|15|**A.  Medical Negligence**|
|16|Plaintiff's claim for medical negligence is a state law claim, not a federal claim.  Ladd|
|17|v. County of San Mateo, 12 Cal.4th 913, 917, 50 Cal.Rptr.2d 309 (1996) ("In California, a|
|18|plaintiff asserting a claim for medical negligence must establish the following elements: '(a) a|
|19|legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate|
|20|or legal cause of the resulting injury.'") (quotation marks omitted); Mann v.|
|21|Cracchiolo, 38 Cal.3d 18, 36, 210 Cal. Rptr. 762 (1985) ("A physician is negligent under|
|22|California law if he or she fails to use the level of skill, knowledge, and care in diagnosis and|
|23|treatment that other reasonably careful physicians would use in the same or similar|
|24|circumstances.").|
|25|This federal court lacks jurisdiction over this state law claim.  "Federal courts are courts|
|26|of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).|
|27|Federal courts have jurisdiction only if the claim arises under the Constitution, laws or treaties|
|28|of the United States, over where there is diversity of citizenship.  See 28 U.S.C. §|

1331 (providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States"); see also 28 U.S.C. § 1332(a)(1) (providing that district courts have subject matter jurisdiction if there is diversity jurisdiction).

Plaintiff does not assert any federal claims. The Court recommends dismissing Plaintiff's complaint for lack of jurisdiction without prejudice to Plaintiff filing his claim in state court.

## B. Deliberate Indifference to Serious Medical Needs

Although Plaintiff does not assert a federal claim, he does state that "the Deliberate Indifference Standard can be used to to [sic] determine whether doctor Ho, medical treatment of Plaintiff's high blood pressure by prescribing the medication (Atenolol), which caused the physical injury complained of, did or should of known of the substantial risk and serious, and harmful side effect that the (Atenolol) would cause.?") (ECF No. 1 at 5). The Court thus also evaluates whether Plaintiff states a federal constitutional claim, even though Plaintiff has not alleged such a cause of action in his complaint.

A violation of the Eighth Amendment, prohibiting cruel and unusual punishment, based on inadequate medical care arises when prison officials demonstrate a "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer, 511 U.S. at 834–35.

The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A prison

official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

"Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation omitted).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).

Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, Plaintiff does not allege facts that would support a claim for a violation of his constitutional rights under the Eighth Amendment under these legal standards. Plaintiff specifically alleges that defendants were negligence, which does not state a claim under the Eighth Amendment. Plaintiff also does not allege any facts that would show Dr. Ho or any of the other defendants acted purposefully in causing Plaintiff pain. Nor does he allege that Dr. Ho or any defendant knew of an excessive risk to Plaintiff's health. Although Plaintiff suggests that maybe Dr. Ho knew of the risks of the side effects, he alleges no facts that would show

this. On the contrary, he alleges that the medication was prescribed to treat Plaintiff's blood pressure.

Plaintiff's allegation that a prescription given for blood pressure resulted in side effects states a claim, if anything, for medical negligence and does not rise to the level of cruel and unusual punishment under the Eighth Amendment.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court has screened the complaint and finds that it fails to state a cognizable claim under the relevant legal standards.

The Court does not recommend granting leave to amend. Plaintiff clearly alleged the circumstances underlying his complaint, and the Court has found that those circumstances do not state a constitutional violation for the reasons described in this order. For that reason, leave to amend would be futile.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED with prejudice for failure to state a claim;[1] and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\
\\\
\\\

---

[1] This Court believes this dismissal would be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).

6

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 16, 2018**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE